461 P.2d 156

**James P. SPEER II, Relator-Appellant,**

**v.**

**SIERRA COUNTY COMMISSIONERS: Leon Johnson, Rayo Perez and Reuben E. Pankey; Sierra County Assessor, Martha Wolfe; Sierra County Treasurer, Suzanne Hopkins; and the Lakeshore City Sanitation District, Respondents-Appellees,**

**E. E. Roberts, Intervenor-Appellee.**

**No. 8827.**

Supreme Court of New Mexico.

Nov. 10, 1969.

John B. Speer, Albuquerque, for appellant.

Threet, Threet, Glass, King & Maxwell, Albuquerque, for appellees.

OPINION

NEAL, District Judge.

This was a proceeding in the District Court of Sierra County, New Mexico, to mandamus a tax levy. On March 28, 1966, the trial court ordered a peremptory writ of mandamus to issue. On December 23, 1968, on motion of an intervenor, the court withdrew the writ of mandamus and ordered the county officials to remove the levy from the tax rolls.

The relator herein, James P. Speer II, who was a bondholder in the Lakeshore Sanitation District, petitioned for manda-

mus to compel the Sierra County Commissioners to levy a tax of 100 mills; alleged to be necessary to pay the principal and interest on the district's bonds. The proceedings were instituted on September 29, 1965. After a hearing at which all parties were represented, the court, on March 28, 1966, ordered that a peremptory writ of mandamus issue. The respondent County Commissioners, after said order and before the writ was actually issued, levied the tax without the actual issuance and service of the writ. In August 1966, several months after the litigation between relator and respondents was to all intents and purposes concluded, one E. E. Roberts, a property owner in the district, moved to intervene. The intervention was allowed over relator's objection.

Intervenor moved "for an order herein setting aside the judgment previously rendered by the Court and dismissing the petition of the relator." He asserted that the district's bond issue was invalid because "no valid bond election has ever been held, and more specifically no notice of a bond election was ever published as required by statute." He also asserted that a curative statute validating such bonds was unconstitutional. The trial court kept the matter under advisement for over two years and, on December 23, 1968, entered an order purporting to withdraw the writ of mandamus and to order the county officials to remove the levy from the tax rolls. Relator appeals.

Relator first contends the order permitting the intervention was improper and untimely. With this we agree. Encino State Bank v. Tenorio, 28 N.M. 65, 206 P. 698 (1922); Tom Fields, Ltd. v. Tigner, 61 N.M. 382, 301 P.2d 322 (1956). At the time the intervention order was entered, there was no controversy existing between the relator and respondents. This controversy was ended after the order of the court was followed by the action of the commissioners in making the levy.

Rule 24 of the Rules of Civil Procedure (§ 21-1-1(24), N.M.S.A.1953) concerns intervention on timely application, and relates to those situations where the question in controversy is pending and has not been settled.

Having reached this conclusion, the other matters presented need not be determined.

The cause is reversed and remanded to the district court with direction to set aside and vacate the judgment and order of December 23, 1968, and to dismiss the intervention.

It is so ordered.

COMPTON and TACKETT, JJ., concur.